**FILED UNDER SEAL**

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MDL SEALED – FEBRUARY 25, 2013                                      MDL No. 2442

**ORDER DENYING TRANSFER**

**Before the Panel**:[*]   Pursuant to 28 U.S.C. § 1407, the United States of America (the Government) moves for centralization of this litigation in the Middle District of Florida.[1]  The litigation encompasses the nine *qui tam* False Claims Act (FCA) actions listed on Schedule A.

All responding parties either support or do not specifically oppose centralization, but there is some disagreement as to an appropriate transferee district.  Principal defendant Health Management Associates, Inc., and related defendants[2] (collectively HMA) support centralization, but in the District

---

[*]   Judge Charles R. Breyer took no part in the decision of this matter.

[1]   On February 25, 2013, the Clerk of the Panel granted the Government's motion to conduct proceedings in this docket under seal.

[2]   Hospital Management Associates, Inc.; Anniston HMA, LLC; Amory HMA, LLC; Bartow HMA, Inc.; Bartow HMA, LLC; Biloxi HMA, LLC; Brandon HMA, LLC; Carlisle HMA, Inc.; Chester HMA, LLC; Citrus HMA, LLC; Clarksdale HMA, LLC; Durant HMA, LLC; Gaffney HMA, LLC; Haines City HMA, LLC; Hamlet H.M.A, LLC; Hartsville HMA, LLC; Hernando HMA, LLC; HMA Fentress County General Hospital, Inc.; HMA Santa Rosa Medical Center, Inc.; Jackson HMA LLC; Kennett HMA, Inc.; Key West HMA, LLC; Lancaster HMA, Inc.; Lancaster HMA, LLC; Lebanon HMA, Inc.; Lehigh HMA, LLC; Lone Star HMA, LP; Louisburg HMA Physician Management LLC; Madison HMA, LLC; Marathon HMA, LLC; Meridian HMA, LLC; Midwest Regional Medical Center, LLC; Monroe HMA, LLC; Mooresville Hospital Management Associates, LLC; Naples HMA, LLC; Natchez Community Hospital, LLC; Osceola SC, LLC; Paintsville Hospital Company LLC; Pasco Regional Medical Center, LLC; Poplar Bluff Regional Medical Center, Inc.; Poplar Bluff Regional Medical Center, LLC; Port Charlotte HMA, LLC; Punta Gorda HMA, LLC; River Oaks Hospital, LLC; Riverview Regional Medical Center, LLC; Rose City HMA, Inc.; Rose City HMA, LLC; Santa Rosa HMA Physicians Management LLC; Sebastian Hospital, LLC; Sebring Hospital Management Associates, LLC; Statesboro HMA Inc.; Statesville HMA, LLC; Tullahoma HMA, Inc.; Van Buren Central Business Office, LLC; Van Buren H.M.A., Inc.; Venice HMA, LLC; Williamson Memorial Hospital, LLC; Winder HMA, LLC; and Yakima HMA, LLC.

of District of Columbia.[3]  Pro-Med Clinical Systems, which is a defendant in only the Northern District of Illinois constituent action, states that it does not oppose centralization in either the District of the District of Columbia or the Middle District of Florida.  Plaintiff/relator in the Southern District of Florida constituent action states simply that he "does not oppose the relief sought" by the Government.[4]

After considering all argument of counsel, we will deny centralization at this time.  In doing so, we acknowledge that these nine actions do appear to share certain factual issues arising from allegations that HMA provided improper remuneration to physicians and/or employed various improper policies and practices that encouraged or coerced the administration of medically

---

[3]  Although HMA does not oppose centralization, it questions whether the Government has standing to move for creation of an MDL.  HMA points out that Section 1407(c) provides that proceedings for centralization "may be initiated" by either the Panel on its own initiative or a motion brought by "a party in any action" as to which transfer may be appropriate.  HMA asserts that the Government is not "a party" in any of the nine constituent actions because it has not yet decided whether to intervene in any of them.  HMA points to the Supreme Court's decision in *U.S. ex rel. Eisenstein v. City of New York*, 556 U.S. 928 (2009), in which the Court held that where the Government had declined to intervene in a *qui tam* action brought under the FCA, the 30-day time limit, in Fed. R. App. 4(a)(1)(A), for filing a notice of appeal applied, rather than the 60-day limit applicable to actions in which the Government is a party.  We disagree with HMA for at least three reasons.  First, in our view, the *Eisenstein* decision pertains only to the appellate filing deadline issue and to a situation in which the Government has already declined to intervene.  *See id*. at 929 ("The question presented is whether the 30-day time limit to file a notice of appeal in [Fed. R. App.] 4(a)(1)(A) or the 60-day time limit in Rule 4(a)(1)(B) applies when the United States declines to formally intervene in a *qui tam* action brought under the [FCA]."); *id*. at 937 ("We hold that when the United States has declined to intervene . . . , it is not a 'party' to the litigation for purposes of either § 2107 or Federal Rule of Appellate Procedure 4.").  Second, we note that we centralized an earlier *qui tam* docket, MDL No. 1307, In re Columbia/HCA Healthcare Corp. *Qui Tam* Litig. (No. II), on the Government's motion, even though the Government had not yet decided whether to intervene in 18 of the 26 involved actions.  *See* MDL No. 1307 Transfer Order, at 1 (J.P.M.L. Dec. 1, 1999) (doc. no. 39).  Third, we believe that denial of this Section 1407 motion on standing grounds would exalt form over substance, as we unquestionably have authority to centralize on our own initiative.

[4]  Numerous parties did not submit briefs, but did file notices waiving oral argument in which they indicated that they supported centralization in either the Middle District of Florida or the District of District of Columbia.  Those supporting the Middle District of Florida are plaintiff/relators in seven actions (*Napoliello*, *Nurkin*, *Brummer, Williams*, *Plantz*, *Mason*, and *Miller*) and four state plaintiffs (the State of Florida (plaintiff in five actions), the State of Georgia (plaintiff in five actions), the State of Oklahoma (plaintiff in three actions), and the State of Texas (plaintiff in three actions)).  Those supporting District of District of Columbia are Physicians' Alliance Ltd. (a defendant in *Miller*) and Gary Newsome (a defendant in *Meyer*).

unnecessary tests on Emergency Room patients, as well as the admission to the hospital of patients who should have received outpatient care. In addition, most of the actions expressly allege that this misconduct was corporate-wide in nature. All actions are under seal, however, as the Government has not yet decided whether to intervene in any of them. Three of the actions were commenced in either 2008 or 2009, and in those and the other actions, virtually the only "litigation" that has taken place thus far is the seeking and obtaining of multiple extensions of the seal. The record is unclear when the Government's intervention decision(s) will come in any of the actions, and thus correspondingly unclear when discovery and other pretrial proceedings will begin in earnest. In our judgment, centralization at this time would be premature, as it would serve no purpose other than to allow a single court to rule on the Government's future requests for extension of the seals.[5]

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. § 1407, for centralization of these nine actions is denied.

IT IS FURTHER ORDERED that the Government shall promptly notify the Clerk of the Panel when the seal on this docket may be lifted, and set forth the reasons therefor.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Lewis A. Kaplan | |

---

[5] The situation here thus differs from that in MDL No. 1307, the somewhat similar docket involving 26 *qui tam* actions which we centralized in December 1999. At the time of our decision creating that MDL, eight of those actions were already unsealed. *See* MDL No. 1307 Transfer Order, at 1.

IN RE: MDL SEALED – FEBRUARY 25, 2013                              MDL No. 2442

## SCHEDULE A

<u>Middle District of Florida</u>

United States ex. rel. Bradley Nurkin v. Health Management
    Associates, Inc., et al., C.A. No. 2:11-00014
United States ex. rel. David Napoliello, M.D., et al. v. Health Management
    Associates, Inc., C.A. No. 8:08-01795

<u>Southern District of Florida</u>

United States ex. rel. Paul Meyer v. Health Management
    Associates, Inc., et al., C.A. No. 1:11-62445

<u>Middle District of Georgia</u>

United States ex. rel. Craig S. Brummer, M.D. v. Hospital Management
    Associates, Inc., et al., C.A. No. 3:09-00135
United States ex. rel. Ralph Williams, et al. v. Health Management
    Associates, Inc., et al., C.A. No. 3:12-00151

<u>Northern District of Illinois</u>

United States ex. rel. Scott H. Plantz, M.D., et al. v. Health Management
    Associates, Inc., et al., C.A. No. 1:13-01212

<u>Western District of North Carolina</u>

United States ex. rel. Thomas L. Mason, M.D., et al. v. Health Management
    Associates, Inc., et al., C.A. No. 3:10-00472

<u>Eastern District of Pennsylvania</u>

United States ex. rel. George E. Miller, et al. v. Health Management
    Associates, Inc., et al., C.A. No. 2:10-03007

<u>District of South Carolina</u>

United States ex. rel. Jacqueline Meyer, et al. v. Health Management
    Associates, Inc., et al., C.A. No. 0:11-01713